UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| William Von Long, | ) | Civil Action No.: 4:16-cv-03260-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Keven Bradley Suggs, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff William Von Long, a state prisoner proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 against Defendant Keven Bradley Suggs. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 for the District of South Carolina.[1] *See* R & R, ECF No. 9. The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. R & R at 5. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs., ECF No. 12.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**[2]

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff alleges Defendant Suggs (a police officer) unlawfully seized and searched him, which led to his being "arrested, convicted, and sentenced to 55 years in the Department of Correction[s]."  ECF No. 1 at 5-6.  The Magistrate Judge has construed Plaintiff's claims as alleged violations of his Fourteenth and Fourth Amendment rights.  R & R at 4.  The Magistrate Judge recommends summarily dismissing Plaintiff's complaint pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), wherein the Supreme Court held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction invalid, a plaintiff bringing a § 1983 claim must establish that the conviction or sentence has been reversed, expunged, or otherwise declared invalid.  512 U.S. at 487

---

[2]     The R & R contains a full summary of the procedural and factual history of this case, as well as the applicable legal standards.

(1994).

In his objections,[3] Plaintiff asserts, "This is not a case where Plaintiff is alleging constitutional violations in connection with state criminal charges. This case involves the violation of one['s] rights before criminal charges." Pl.'s Objs. at 5. Plaintiff contends "the facts which support [his] claim are the testimonies given under oath by the defendant himself"; to support this contention, Plaintiff cites several pages of his trial transcript that apparently contain the testimony of Defendant Suggs.[4] *Id.* at 3-4.

Based on the arguments in his objections, it appears Plaintiff believes *Heck* does not bar his claims because the alleged constitutional violations occurred prior to his being criminally charged. However, as the Magistrate Judge explained, Plaintiff was convicted and sentenced on two counts of armed robbery and one count of possession of a weapon during a violent crime. R & R at 1-2. And, in his own complaint, Plaintiff alleges the unlawful search and seizure by Defendant Suggs led to his being "arrested, ***convicted, and sentenced to 55 years***" in prison. ECF No. 1 at 5-6 (emphasis added). Consequently, *Heck* bars Plaintiff's claims because success on them would necessarily imply the invalidity of his convictions and sentences, which have not been overturned or otherwise called into question.[5] *See Young v. Nickols*, 413 F.3d 416, 417 (4th Cir. 2005) ("*Heck* . . . bars a prisoner's § 1983 claim if the relief sought necessarily implies the invalidity of his criminal judgment."); *Ballenger v.*

---

[3] The bulk of Plaintiff's objections restate the law applicable to pro se complaints and the pretrial screening function of the Magistrate Judge that is summarized in the R & R. *See* Pl.'s Objs. at 1-4.

[4] Plaintiff has not provided copies of those trial transcript pages. In any event, *Heck* still bars his claims, as discussed in the R & R and this Order.

[5] The Magistrate Judge correctly recognizes *Heck* does not apply in the context of claims of unconstitutionality in *ongoing* criminal cases. R & R at 4 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)). However, since this case involves an already completed criminal trial and complaints about how it was brought, *Wallace* is inapplicable and *Heck* controls.

3

*Owens*, 352 F.3d 842, 846 (4th Cir. 2003) ("When evidence derived from an [allegedly] illegal search would have to be suppressed in a criminal case if the judgment in the § 1983 claim were to be applied to the criminal case and the suppression would necessarily invalidate the criminal conviction, the stated principle of *Heck* would apply, and the § 1983 claim would have to be dismissed; there would be no cause of action under § 1983."). Accordingly, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's recommendation.

## Conclusion

The Court has thoroughly reviewed the entire record, including Plaintiff's complaint, the R & R, and Plaintiff's objections. *See* ECF Nos. 1, 9, & 12. For the reasons stated in this Order and in the R & R, the Court overrules Plaintiff's objections, adopts and incorporates the R & R [ECF No. 9] by reference, and **DISMISSES** this action *without prejudice and without issuance and service of process*.

**IT IS SO ORDERED.**

Florence, South Carolina  
December 27, 2016

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge